**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF MARYLAND

Case number *(if known)* _____    Chapter __11__

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Mike Isabella, Inc.** |

| | |
|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) |

45-3966314

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **12154 Darnestown Road, Ste 621**<br>**Gaithersburg, MD 20878** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Montgomery** | **Location of principal assets, if different from principal place of business** |
| County | **775 Pearl Street, SW, #709 Washington, DC 20024** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)

6. **Type of debtor**

�■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Mike Isabella, Inc.**
_____
Name

Case number (*if known*) _____

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    7223

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **See Attachment** | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor   **Mike Isabella, Inc.**                                                   Case number (*if known*) _____
_____Name_____

**11. Why is the case filed in this district?**   *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
            Contact name _____
            Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **Mike Isabella, Inc.**                                    Case number (*if known*) _____
_____
Name

| **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **September 6, 2018**
MM / DD / YYYY

**X** **/s/ Johannes Allender**                          **Johannes Allender**
Signature of authorized representative of debtor        Printed name

Title    **CFO**

**18. Signature of attorney**

**X** **/s/ Richard J. Oparil**                          Date    **September 6, 2018**
Signature of attorney for debtor                                MM / DD / YYYY

**Richard J. Oparil**
Printed name

**Porzio, Bromberg & Newman, P.C.**
Firm name

**1200 New Hampshire Avenue, NW**
**Washington, DC 20036-6802**
Number, Street, City, State & ZIP Code

Contact phone _____    Email address    **rjoparil@pbnlaw.com**

**13063**
Bar number and State

Debtor    **Mike Isabella, Inc.**
Name                                                                           Case number *(if known)*

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

DISTRICT OF MARYLAND

Case number *(if known)* _____ Chapter __**11**__

☐ Check if this an
amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Debtor | **14WBella, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21825** |
| Debtor | **BellCantina, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21823** |
| Debtor | **BellKap, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21832** |
| Debtor | **BellNoodle, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21824** |
| Debtor | **CPKap, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21808** |
| Debtor | **Masskap, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21827** |
| Debtor | **Mosakap, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21828** |
| Debtor | **Tyisa, LLC** | | | Relationship to you | | **Affiliate** |
| District | **Maryland** | When | **9/06/18** | Case number, if known | | **18-21830** |

**WRITTEN CONSENT**
**OF SOLE SHAREHOLDER / SOLE MEMBER**
**AND SOLE DIRECTOR / MANAGING MEMBER**
**OF EACH OF THE WHOLLY OWNED ENTITIES**
**LISTED ON EXHIBIT A HERETO**

**Dated: September 5, 2018**

The undersigned, being the sole shareholder or the sole member and sole director or managing member (the "Governing Person") of the applicable entity or entities listed on **Exhibit A** hereto (each a "Company"), in lieu of a special meeting, does hereby take the following actions and adopt the following resolutions with respect to the applicable entity or entities listed on Exhibit A hereto for which it is the Governing Person by written consent:

**WHEREAS,** the Governing Person has evaluated the Company's alternatives in connection with a possible restructuring and, after due consideration, has determined it is in the best interest of the Company to file a voluntary petition in the United States Bankruptcy Court for the District of Maryland pursuant to Chapter 11 of Title 11 of the Unites States Bankruptcy Code (the "Bankruptcy Code");

NOW, THEREFORE BE IT:

**RESOLVED,** that the Company shall be, and it hereby is, authorized to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Maryland or such other court as the appropriate officer or officers of the Company shall determine to be appropriate (the "Bankruptcy Court") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

**RESOLVED FURTHER,** that the Governing Person and any other officer or person designated and so authorized to act (the "Authorized Officers") shall be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to execute, acknowledge, delivery, verify and file petitions, schedules, lists, and other papers or documents in the United States Bankruptcy Court for the District of Maryland to commence a case under Chapter 11 of the Bankruptcy Code, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable or proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case at such time as said officer executing the same shall determine; and it was further

**RESOLVED FURTHER,** that the Authorized Officers, on behalf of the Company, are authorized, and empowered to retain the law firm of Porzio Bromberg & Newman, PC ("Porzio") as bankruptcy counsel to the Company to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the

4033554

Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Porzio;

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and each of them acting singly is, hereby authorized and empowered to employ and retain any other professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**RESOLVED FURTHER**, that the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: enter into and incur any obligations under a new debtor in possession financing facility or facilities and any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as may be reasonably necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; and pay related fees, incur the debt contemplated by the Financing Transactions and grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Officers in connection with the Financing Transactions;

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and each of them acting singly is, hereby authorized, empowered and directed on behalf of the Company to take any and all actions, negotiate, finalize, execute, certify, deliver, file and/or record and perform any and all documents, agreements, instruments, motions, pleadings, schedules, affidavits, certificates, applications for approvals, rulings of governmental or regulatory authorities and other papers, and to take and perform any and all further acts and deeds which they, in their sole discretion, deem necessary, proper, or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 reorganization, such discretion to be conclusively evidenced by the filing thereof or the taking or performance of such action; and

**RESOLVED FURTHER**, that all of the acts and transactions taken by any Authorized Person in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and

**RESOLVED FURTHER,** that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

*[signature page follows]*

**IN WITNESS WHEREOF**, the undersigned, being the sole shareholder or sole member and sole director or managing member of each Company listed on the attached **Exhibit A**, has executed this written consent as of the date first written above:

Mike Isabella Inc.

By: _____

Name: Michael Isabella

Title: President

# EXHIBIT A

**Sole Shareholder / Sole Director**
Mike Isabella, Inc., a D.C. corporation

**Sole Member / Managing Member**
MosaKap, LLC, a Virginia limited liability company
CPKap, LLC, a Maryland limited liability company

**Fill in this information to identify the case:**

Debtor name    **Mike Isabella, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF MARYLAND

Case number (if known)    _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **September  6, 2018**          X **/s/ Johannes Allender**
                                                                                Signature of individual signing on behalf of debtor

                                                                                **Johannes Allender**
                                                                                Printed name

                                                                                **CFO**
                                                                                Position or relationship to debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Mike Isabella, Inc.**

United States Bankruptcy Court for the:    **DISTRICT OF MARYLAND**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
                                                                     12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| American Express Card P.O. Box 650448 Dallas, TX 75265-0448 | | Credit Card | | | | $267,434.00 |
| Batzel Law PLLC 641 S St, NW, 3rd Floor Washington, DC 20001 | | Trade Payable | | | | $625.00 |
| Jackson Lewis, P.C. P.O. Box 416019 Boston, MA 02241-6019 | | Trade Payable | | | | $25,714.24 |
| Kelly Health Insurance P.O. Box 418926 Boston, MA 02241-8926 | | Trade Payable | | | | $4,857.42 |
| Nationwide P.O. Box 37712 Philadelphia, PA 19101-5012 | | Trade Payable | | | | $1,181.06 |
| The General Design Company LLC 406 H St NE, 2nd Fl Washington, DC 20002 | | Trade Payable | | | | $5,430.00 |
| The Hartford P.O. Box 660916 Dallas, TX 75266-0916 | | Trade Payable | | | | $1,591.56 |
| Threshold Media 1900 Campus Commons Drive Reston, VA 20191 | | Trade Payable | | | | $634.74 |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Mike Isabella, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF MARYLAND

Case number (if known)    _____

☐ Check if this is an
   amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
|---|---|

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*...................................................................................................... $ _____ **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................................................... $ _____ **0.00**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*...................................................................................................... $ _____ **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $ _____ **0.00**

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ _____ **0.00**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$ _____ **593,969.05**

4.  Total liabilities .................................................................................................................................
    Lines 2 + 3a + 3b

$ **593,969.05**

**Fill in this information to identify the case:**

Debtor name      **Mike Isabella, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF MARYLAND

Case number (if known)    _____

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ■ No.  Go to Part 2.
   ☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ■ No.  Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

    ■ No.  Go to Part 4.
    ☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

13. **Does the debtor own any investments?**

    ■ No.  Go to Part 5.
    ☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
| --- | --- |

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ■ No.  Go to Part 6.
    ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
| --- | --- |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ■ No.  Go to Part 7.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **Mike Isabella, Inc.**                                    Case number *(if known)* _____
         Name

☐ Yes Fill in the information below.

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| **Part 9:** | **Real property** |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| **Part 10:** | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. | **Internet domain names and websites**<br>**Internet Domain** | **Unknown** | | **$0.00** |
| 62. | **Licenses, franchises, and royalties** | | | |
| 63. | **Customer lists, mailing lists, or other compilations** | | | |
| 64. | **Other intangibles, or intellectual property** | | | |
| 65. | **Goodwill** | | | |

| 66. | **Total of Part 10.** | | **$0.00** |
|---|---|---|---|
| | Add lines 60 through 65. Copy the total to line 89. | | |

**67.    Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?

■ No
☐ Yes

**68.    Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No
☐ Yes

**69.    Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No
☐ Yes

Official Form 206A/B                    Schedule A/B Assets - Real and Personal Property                    page 2

Debtor   **Mike Isabella, Inc.**                                    Case number *(If known)* _____
         Name

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ■ No.  Go to Part 12.
    ☐ Yes Fill in the information below.

Debtor    **Mike Isabella, Inc.**
Name    Case number *(If known)*

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name __**Mike Isabella, Inc.**__

United States Bankruptcy Court for the: __DISTRICT OF MARYLAND__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
| --- |

Debtor name   **Mike Isabella, Inc.**

United States Bankruptcy Court for the:   DISTRICT OF MARYLAND

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
| --- | --- | --- |
| **3.1** | **Nonpriority creditor's name and mailing address** | **$267,434.00** |
| | **American Express Card**<br>P.O. Box 650448<br>**Dallas, TX 75265-0448** | |
| | **Date(s) debt was incurred** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _Credit Card_<br>Is the claim subject to offset? ☑ No ☐ Yes |

| | | |
| --- | --- | --- |
| **3.2** | **Nonpriority creditor's name and mailing address** | **$224,766.67** |
| | **BallKap, LLC**<br>**12154 Darnestown Road, Ste 621**<br>**Gaithersburg, MD 20878** | |
| | **Date(s) debt was incurred** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _Loan_<br>Is the claim subject to offset? ☑ No ☐ Yes |

| | | |
| --- | --- | --- |
| **3.3** | **Nonpriority creditor's name and mailing address** | **$625.00** |
| | **Batzel Law PLLC**<br>**641 S St, NW, 3rd Floor**<br>**Washington, DC 20001** | |
| | **Date(s) debt was incurred** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _Trade Payable_<br>Is the claim subject to offset? ☑ No ☐ Yes |

| | | |
| --- | --- | --- |
| **3.4** | **Nonpriority creditor's name and mailing address** | **$0.00** |
| | **Chloe Caras**<br>**1921 8th St NW**<br>**Apt E405**<br>**WASHINGTON, DC 20001** | |
| | **Date(s) debt was incurred** _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Last 4 digits of account number** _ | **Basis for the claim:** _Settlement Agreement - Confidential_<br>Is the claim subject to offset? ☑ No ☐ Yes |

Debtor   **Mike Isabella, Inc.**
_____          Case number (if known) _____
Name

| | | |
|---|---|---|
| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | $25,714.24 |

**Nonpriority creditor's name and mailing address**

| 3.5 | **Jackson Lewis, P.C.**<br>P.O. Box 416019<br>Boston, MA 02241-6019 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$25,714.24** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Trade Payable**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.6 | **Kelly Health Insurance**<br>P.O. Box 418926<br>Boston, MA 02241-8926 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$4,857.42** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Trade Payable**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.7 | **Masskap, LLC**<br>12154 Darnestown Road, Ste 621<br>Gaithersburg, MD 20878 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$21,065.06** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Loan**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.8 | **Nationwide**<br>P.O. Box 37712<br>Philadelphia, PA 19101-5012 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$1,181.06** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Trade Payable**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.9 | **ReqWharf, LLC**<br>12154 Darnestown Rd, Ste 621<br>Gaithersburg, MD 20878 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$40,669.30** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Loan**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.10 | **The General Design Company LLC**<br>406 H St NE, 2nd Fl<br>Washington, DC 20002 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$5,430.00** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Trade Payable**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

| 3.11 | **The Hartford**<br>P.O. Box 660916<br>Dallas, TX 75266-0916 | As of the petition filing date, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$1,591.56** |
|---|---|---|---|
| | Date(s) debt was incurred _ <br> Last 4 digits of account number _ | Basis for the claim:  **Trade Payable**<br><br>Is the claim subject to offset? ■ No ☐ Yes | |

Debtor     **Mike Isabella, Inc.**                                          Case number (if known) _____
           Name

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $634.74 |

**Threshold Media**
**1900 Campus Commons Drive**
**Reston, VA 20191**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Trade Payable__

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |

5.  Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 593,969.05 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 593,969.05 |

**Fill in this information to identify the case:**

Debtor name   **Mike Isabella, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF MARYLAND

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
     ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
     ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property*
     (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Mike Isabella, Inc.**_____

United States Bankruptcy Court for the: __DISTRICT OF MARYLAND_____

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206H
## Schedule H: Your Codebtors 12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | _____ | _____ Street | _____ | ☐ D ☐ E/F ☐ G |
| | | _____ City    State    Zip Code | | |
| 2.2 | _____ | _____ Street | _____ | ☐ D ☐ E/F ☐ G |
| | | _____ City    State    Zip Code | | |
| 2.3 | _____ | _____ Street | _____ | ☐ D ☐ E/F ☐ G |
| | | _____ City    State    Zip Code | | |
| 2.4 | _____ | _____ Street | _____ | ☐ D ☐ E/F ☐ G |
| | | _____ City    State    Zip Code | | |

**Fill in this information to identify the case:**

Debtor name **Mike Isabella, Inc.**

United States Bankruptcy Court for the: DISTRICT OF MARYLAND

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2018** to **Filing Date** | ■ Operating a business<br>☐ Other _____ | $497,085.78 |
   | **For prior year:**<br>From **1/01/2017** to **12/31/2017** | ■ Operating a business<br>☐ Other _____ | $934,367.63 |
   | **For year before that:**<br>From **1/01/2016** to **12/31/2016** | ■ Operating a business<br>☐ Other _____ | $1,013,097.57 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor   Mike Isabella, Inc. _____   Case number *(if known)* _____

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|
| 3.1. Kelly Health Insurance<br>P.O. Box 418926<br>Boston, MA 02241-8926 | | $61,086.38 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other__ |
| 3.2. Dinova<br>6455 E Johns Crossing #220<br>Duluth, GA 30097 | | $10,535.79 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.3. Chloe Caras<br>1921 8th St NW<br>Apt E405<br>WASHINGTON, DC 20001 | | $12,500.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |
| 3.4. JAMS, Inc.<br>1155 F Street, NW, Suite 1150<br>Washington, DC 20004 | | $8,349.38 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.5. Jackson Lewis, P.C.<br>P.O. Box 416019<br>Boston, MA 02241-6019 | | $7,012.49 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other__ |
| 3.6. Katz, Marshall & Banks, LLP<br>1845 Walnut Street, 25th Floor<br>Philadelphia, PA 19103 | | $8,332.68 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other__ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

Debtor    **Mike Isabella, Inc.**_____    Case number *(if known)*_____

☐ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

<h3>Part 3:    Legal Actions or Assignments</h3>

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Caras v. Mike Isabella, Inc. et al.** <br> **18-cv-00749** | **Employment** | **U.S. District Court, District of Columbi** <br> **333 Constitution Avenue, NW** <br> **Washington, DC 20001** | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☐ None

<h3>Part 4:    Certain Gifts and Charitable Contributions</h3>

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☐ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

<h3>Part 5:    Certain Losses</h3>

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss <br><br> If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. <br><br> List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

<h3>Part 6:    Certain Payments or Transfers</h3>

11. **Payments related to bankruptcy**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor    **Mike Isabella, Inc.**            Case number *(if known)*

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**    **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:**    **Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:**    **Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

Debtor    **Mike Isabella, Inc.**                                            Case number *(if known)*

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

   ■ No. Go to Part 10.
   ☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**
   Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
   Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

   ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

21. **Property held for another**
   List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

   ■ None

| Part 12: | Details About Environment Information |
|---|---|

For the purpose of Part 12, the following definitions apply:
   *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

   *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

   *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

Debtor    **Mike Isabella, Inc.**                                    Case number *(if known)*

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:** **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.    **Johannes Allender** **117 Kent Oaks Way** **Gaithersburg, MD 20878** | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

Debtor    **Mike Isabella, Inc.**                                                    Case number *(if known)*

---

Name and address

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Michael Isabella Jr. | 775 Pearl Street, SW, #709 Washington, DC 20024 | Class A - Active - Managing Member | 100% |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No

☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31.** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32.** Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

■ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

---

Debtor    **Mike Isabella, Inc.**                                                    Case number *(if known)*

---

**Part 14:**    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **September  6, 2018**

**/s/ Johannes Allender**                                        **Johannes Allender**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor    **CFO**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes

# United States Bankruptcy Court
## District of Maryland

In re   **Mike Isabella, Inc.**

Debtor(s)

Case No.

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |

**-NONE-**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **CFO** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **September  6, 2018**

Signature   **/s/ Johannes Allender**

**Johannes Allender**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## United States Bankruptcy Court
### District of Maryland

In re   **Mike Isabella, Inc.** _____    Case No. _____

                                             Debtor(s)        Chapter    **11** _____

# VERIFICATION OF CREDITOR MATRIX

I, the CFO of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **September  6, 2018** _____      **/s/ Johannes Allender** _____

                                                                 **Johannes Allender**/CFO
                                                                 Signer/Title

American Express Card
P.O. Box 650448
Dallas, TX 75265-0448


BallKap, LLC
12154 Darnestown Road, Ste 621
Gaithersburg, MD 20878


Batzel Law PLLC
641 S St, NW, 3rd Floor
Washington, DC 20001


Chloe Caras
1921 8th St NW
Apt E405
WASHINGTON, DC 20001


Jackson Lewis, P.C.
P.O. Box 416019
Boston, MA 02241-6019


Kelly Health Insurance
P.O. Box 418926
Boston, MA 02241-8926


Masskap, LLC
12154 Darnestown Road, Ste 621
Gaithersburg, MD 20878


Nationwide
P.O. Box 37712
Philadelphia, PA 19101-5012


ReqWharf, LLC
12154 Darnestown Rd, Ste 621
Gaithersburg, MD 20878

```
The General Design Company LLC
406 H St NE, 2nd Fl
Washington, DC 20002


The Hartford
P.O. Box 660916
Dallas, TX 75266-0916


Threshold Media
1900 Campus Commons Drive
Reston, VA 20191
```

# United States Bankruptcy Court
## District of Maryland

In re    **Mike Isabella, Inc.**

Debtor(s)

Case No.

Chapter    **11**

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **Mike Isabella, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**September  6, 2018**

Date

**/s/ Richard J. Oparil**

**Richard J. Oparil**

Signature of Attorney or Litigant

Counsel for    **Mike Isabella, Inc.**

**Porzio, Bromberg & Newman, P.C.**

**1200 New Hampshire Avenue, NW**
**Washington, DC 20036-6802**

**rjoparil@pbnlaw.com**